IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02536-BNB
(**The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may result in a delay in the consideration of your claims.**)

JASON C. GIANETTA,

    Plaintiff,

v.

[NO NAMED DEFENDANT],

    Defendant.

---

ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES AND
FILE PRISONER COMPLAINT THAT COMPLIES WITH RULE 8

---

Plaintiff, Jason C. Gianetta, is a prisoner in the custody of the Federal Bureau of Prisons incarcerated at the United States Penitentiary in Coleman, Florida. He has filed *pro se* a letter (ECF No. 1) to the Honorable Richard P. Matsch, Senior District Judge, complaining about the conditions of his confinement. Pursuant to Rule 77.2 of the Local Rules of Practice for this Court, D.C.COLO.LCivR 77.2, a party to a proceeding, unless otherwise ordered, "shall not communicate directly about the proceeding in any manner with a judicial officer assigned to the proceeding." Senior Judge Matsch is not a judicial officer assigned to this proceeding.

As part of the court's review pursuant to D.C.COLO.LCivR 8.1(b), the court has determined that the submitted document is deficient as described in this order. Plaintiff will be directed to cure the following if he wishes to pursue his claims. Any papers that Plaintiff files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)   _X_   is not submitted (<u>must submit the court's current form revised 10/01/12 with Authorization and Certificate of Prison Official</u>)
(2)   ___   is missing affidavit
(3)   _X_   is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4)   ___   is missing certificate showing current balance in prison account
(5)   ___   is missing required financial information
(6)   ___   is missing an original signature by the prisoner
(7)   ___   is not on proper form
(8)   ___   names in caption do not match names in caption of complaint, petition or habeas application
(9)   ___   An original and a copy have not been received by the court. Only an original has been received.
(10)  _X_   other: <u>§ 1915 motion and affidavit and certified account statement only are necessary if $400.00 filing fee is not paid in full in advance.</u>

**Complaint, Petition or Application**:
(11)  _X_   is not submitted
(12)  ___   is not on proper form (must use the court's current form)
(13)  ___   is missing an original signature by the prisoner
(14)  ___   is missing page nos. ___
(15)  ___   uses et al. instead of listing all parties in caption
(16)  ___   An original and a copy have not been received by the court. Only an original has been received.
(17)  ___   Sufficient copies to serve each defendant/respondent have not been received by the court.
(18)  ___   names in caption do not match names in text
(19)  ___   other:

The Prisoner Complaint Mr. Gianetta will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F.

Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

In order to state a claim in federal court, Mr. Gianetta "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Mr. Gianetta should name as defendants in the Prisoner Complaint only those persons that he contends actually violated his federal

constitutional rights.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Gianetta must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Supervisory officials may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Instead,

> when a plaintiff sues an official under *Bivens* [*v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971),] or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id*. at 1199.

Mr. Gianetta may use fictitious names, such as "John or Jane Doe," if he does

4

not know the real names of the individuals who allegedly violated his rights. However, if Mr. Gianetta uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Accordingly, it is

ORDERED that Plaintiff, Jason C. Gianetta, cure the deficiencies designated above **within thirty (30) days from the date of this order**. Any papers that Plaintiff files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that Plaintiff shall obtain (with the assistance of his case manager or the facility's legal assistant) the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint, along with the applicable instructions, at www.cod.uscourts.gov, and shall use those forms in curing the designated deficiencies and in filing the Prisoner Complaint. It is

FURTHER ORDERED that, if Plaintiff fails to cure the designated deficiencies or file a Prisoner Complaint as directed **within thirty days from the date of this order**, the action will be dismissed without further notice.

DATED September 17, 2014, at Denver, Colorado.

           BY THE COURT:

           s/ Boyd N. Boland
           United States Magistrate Judge